UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY KATHERINE DAY-PETRANO,

    Petitioner,

vs.                                               Case No. 8:06-CV-1647-T-27TBM

HON. PAUL A. LEVINE, HON. DAVID A.
DEMERS, HON. ROBERT J. MORRIS, JR.,
FRED O. DICKINSON, III,

    Respondents.
_____/

## ORDER

**BEFORE THE COURT** is a *pro se* Petition for Writ of Habeas Corpus (Dkt. 1). Pursuant to Rule 4 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court has undertaken a preliminary review of the petition and finds that the petition is due to be summarily dismissed as it plainly appears from the face of the petition and attached exhibits that Petitioner is not entitled to relief.

Although Petitioner is proceeding *pro se*, she has a law degree and has demonstrated in other litigation before this Court that she has a fundamental understanding of the substantive and procedural requirements for litigating in federal court commensurate with her legal education. Accordingly, Petitioner is not entitled to the usual liberal construction of pleadings afforded *pro se* litigants.[1]

---

[1] Petitioner has demonstrated a propensity to litigate claims on behalf of herself in state and federal courts, including claims asserted under the ADA. Petitioner's conduct in other litigation before this Court has, at times, been abusive. As a result, she has been the subject of repeated admonishments and a judicial sanction prohibiting her from representing herself in that action. *See Petrano v. The Vessel Mistress*, 8:04-CV-2534-T-27EAJ (Dkts. 111, 309). Given her education and experience in the judicial system, the ordinary rules of liberal construction afforded *pro se* litigants are not appropriate and Petitioner is not entitled to have her petition liberally construed. *See e.g. Martin-Trigona v. Shiff*, 702 F.2d 380, 389 (2nd Cir. 1983) (declining to make allowances for plaintiff who filed an improper writ of habeas corpus where plaintiff was a law school graduate and demonstrated his familiarity with substantive and procedural law in his frequent litigation).

1

In her petition, Petitioner contends that the federal district court has jurisdiction pursuant to "28 U.S.C. § 2254, 42 U.S.C. § 1220(b), and 28 U.S.C. § 1331." (Dkt. 1, ¶ 2.1). She brings this action against three Pinellas County judges and the Executive Director of the Florida Department of Highway Safety and Motor Vehicles, essentially complaining that the state court judges did not "accommodate" her during civil traffic infraction proceedings over which they presided in the Sixth Judicial Circuit, in and for Pinellas County, Florida. This is the second action Petitioner has filed against these Respondents in which she has made strikingly similar allegations.[2]

According to Petitioner, the traffic court proceedings resulted in Petitioner's conviction of careless driving and the "indefinite suspension/revocation of her Florida driver's license." (Dkt. 1, § 2.1). Notwithstanding that a Florida careless driving conviction is a civil infraction, Petitioner contends that as a result of that conviction, Respondents "have custody of and/or restraint over Petitioner's liberty . . . ." Petitioner's contentions in this regard are frivolous and do not invoke the federal district court's jurisdiction under 28 U.S.C. § 2254. She is not "in custody" pursuant to a judgment of a state court in violation of the Constitution or laws or treaties of the United States. *See Westberry v. Keith*, 434 F.2d 623, 625 (5th Cir. 1971)[3] (holding that petitioner was not "in custody" after suffering a fine and revocation of her license); *Duvallon v. Florida*, 691 F.2d 483, 485 (11th

---

[2] Petitioner made similar allegations in an earlier lawsuit brought against, among others, these same three respondent judges. *See Mary Day Petrano v. State of Florida, et al.*, 8:03-CV-1746-T-24MSS. In that case, Petitioner named as defendants thirty-five individuals and entities, including Respondents Demers, Levine, Dickinson and the Largo Police Officer who issued Petitioner the original citation. In that action, she alleged that the respondent judges failed to accommodate her during civil traffic proceedings over which they presided. That action was dismissed, the dismissal was affirmed, and the Supreme Court denied certiorari. Apparently undeterred, Petitioner brought this action under the guise of a habeas corpus petition pursuant to § 2254. Petitioner alleges, as she did in the previous action, that Respondents failed to accommodate her in violation of the ADA with respect to the same traffic infraction proceedings arising from an August 4, 2002 accident.

[3] The Eleventh Circuit adopted as binding precedent, all decisions the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

2

Cir. 1982) (holding that petitioner's possible future incarceration for failure to pay fine does not satisfy "in custody" requirement).

Accordingly, it is

**ORDERED AND ADJUDGED** that this case is DISMISSED. Petitioner's Motion to Proceed *in forma pauperis* (Dkt. 2) is DENIED. The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this 13th day of December, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner

3